UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PENNSYLVANIA HIGHER EDUCATION )
ASSISTANCE AGENCY )
    Plaintiff, )
     )
     )
    v. ) Civil Action No. 1:12cv1415
     )
KHANH N. VU )
    Defendant. )
     )

## REPORT AND RECOMMENDATION

This matter comes before the Court on Amended Motion for Default Judgment (Dkt. 13) by plaintiff Pennsylvania Higher Education Assistance Agency ("plaintiff") against defendant Khanh N. Vu ("defendant"). After a representative for defendant failed to respond to plaintiff's Motion or to appear at the hearing on March 15, 2013, the undersigned Magistrate Judge took plaintiff's Motion under advisement.

## INTRODUCTION

**I. Background**

Plaintiff is a student loan corporation that is the assignee and holder of a promissory note. (Compl. ¶¶ 1, 4; Am. Mem. Supp. Mot. Default J. ¶¶ 6-7.) Plaintiff alleges that defendant breached an agreement to repay plaintiff after defendant executed a promissory note and failed to repay a balance of $65,559.96 on the promissory note. (Compl. ¶¶ 4-7;

1

Am. Mem. Supp. Mot. Default J. ¶¶ 6-8.) Plaintiff seeks the full unpaid balance of the promissory note on the ground of breach of agreement, as well as interest, late fees and additional appropriate relief. (Compl. 2-3; Am. Mem. Supp. Mot. Default J. ¶ 10.) In addition, plaintiff seeks legal fees and costs incurred in attempting to collect amounts owed by defendant of $2,025.00.[1] (Am. Mem. Supp. Mot. Default J. ¶ 11.)

## II. Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render default judgment.

This Court has subject matter jurisdiction on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 292 et seq., which governs the Federal Health Education Assistance Loan Program.

This Court has personal jurisdiction over defendant under Virginia Code § 8.01-328.1(A)(1), which provides that a Virginia court may exercise personal jurisdiction over any person in a

---

[1] Plaintiff supplemented the request for legal fees with the Affidavit of William D. Day (Dkt. 16), which outlined additional legal fees and costs incurred in attempting to collect amounts owed of $691.42. These additional fees bring plaintiff's request for legal fees and costs to a total amount of $2,716.42.

2

matter related to that person's transactions of business in the Commonwealth of Virginia.

Venue is also proper under 28 U.S.C. § 1391(b) because defendant resides in this district. (Am. Mem. Supp. Mot. Default J. ¶ 4.)

### III. Service of Process

Pursuant to Fed. R. Civ. P. 4(e)(2), plaintiff's private process server served defendant Khanh N. Vu with process on January 14, 2013 by leaving a copy of service with defendant's wife at 7824 Signal Hill Road, Manassas, Virginia 20111 and returning proof of service. (Dkt. 6.)

### IV. Grounds for Default Judgment

To date, no defendant has appeared or otherwise participated in these proceedings. On February 14, 2013, the Clerk of this Court entered an amended entry of default pursuant to plaintiff's Request for Entry of Default (Dkt. 7) and Federal Rule of Civil Procedure 55. (Dkt. 12.) Plaintiff filed an Amended Motion for Default Judgment on February 21, 2013. (Dkt. 13.)

After defendant failed to appear at the March 15, 2013 hearing on plaintiff's Amended Motion for Default Judgment, the undersigned took this matter under advisement. (Dkt. 15.)

### FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned

Magistrate Judge finds that plaintiff has established the following facts.[2]

Plaintiff is a student loan corporation that is incorporated under the laws of Pennsylvania. (Compl. ¶ 1; Am. Mem. Supp. Mot. Default J. ¶ 1.) Defendant is an individual residing in Virginia. (Compl. ¶ 2; Am. Mem. Supp. Mot. Default J. ¶ 1.) Defendant executed a Health Alliance Federal Heal Consolidation Loan Application Promissory Note ("the note") on September 21, 2002 with the Missouri Higher Education Loan Authority ("MOHELA"). (Compl. ¶ 4; Am. Mem. Supp. Mot. Default J. ¶ 6.) The amount of $67,528.88 was disbursed to defendant under the note on November 12, 2002. (Compl. ¶ 4.) Plaintiff purchased the note from MOHELA on February 25, 2005, and plaintiff is the assignee and holder of the note for all servicing and collection purposes. (Compl. ¶ 4; Am. Mem. Supp. Mot. Default J. ¶ 7.) Defendant is in default under the terms and conditions of the note and despite repeated demand to cure the default; defendant has refused to pay the outstanding balance on the note. (Compl. ¶¶ 5-7; Am. Mem. Supp. Mot. Default J. ¶ 8.) Pursuant to the terms of the note, in the event of

---

[2] The record includes the Complaint (Dkt. 1) ("Compl."), plaintiff's Amended Motion for Default Judgment and the supporting Memorandum (Dkt. 13-1) ("Am. Mem. Supp. Mot. Default J."), the Affidavit of Patricia Walton (Dkt. 13-2) ("Walton Aff."), the Affidavit of Judy Moore (Dkt. 13-3) ("Moore Aff."), and the Affidavit of William D. Day in support of legal fees and costs (Dkt. 16) ("Day Aff.").

default, the entire unpaid balance plus principal and interest becomes immediately due and payable. (Compl. ¶ 6; Walton Aff. Ex. A (Dkt. 13-2).) Interest on the unpaid balance continues to accrue at the rate of 1.750 percent per annum, with a per diem of $3.10. (Compl. ¶ 7; Am. Mem. Supp. Mot. Default J. ¶ 10.) As of February 12, 2013, defendant owed plaintiff an amount of $65,874.87 under the note, which included the principal amount disbursed to defendant along with interest and late fees. (Am. Mem. Supp. Mot. Default J. ¶ 10; Walton Aff. ¶ 6.) In addition, under the terms of the note, defendant is also responsible for payment of reasonable attorney's fees and costs incurred by plaintiff in collecting amounts not paid when due. (Am. Mem. Supp. Mot. Default J. ¶ 11.) Plaintiff initially incurred $1,350.00 in legal fees, $325.00 in expenses and $350.00 in court costs in its attempt to collect amounts owed by defendant. (Am. Mem. Supp. Mot. Default J. ¶ 11; Moore Aff. ¶¶ 6-7 (Dkt. 13-3).) Plaintiff then submitted an additional affidavit outlining additional attorney's fees in an amount of $691.42, which plaintiff expended in its attempt to collect unpaid amounts owed by defendant. (Day Aff. ¶¶ 3-4.)

## EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted.  Before entering default judgment, however, the Court must evaluate the

plaintiff's complaint to ensure that the complaint properly states a claim. <u>GlobalSantaFe Corp. v. Globalsantafe.com</u>, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiff's claim against the standards of Fed. R. Civ. P. 12(b)(6).

## I. Breach of Contract

Plaintiff alleges that defendant breached an agreement under a promissory note to repay a health education assistance loan provided by plaintiff. Under Virginia law, a plaintiff properly pleads a breach of contract claim where he alleges that (1) the defendant had a legally enforceable obligation; (2) the defendant materially breached that obligation; and (3) such breach caused plaintiff's damages. <u>Filak v. George</u>, 594 S.E.2d 610, 614 (Va. 2004).

Plaintiff has pleaded sufficient facts to support a breach of contract claim. The Complaint asserts that defendant executed a valid promissory note with MOHELA on September 21, 2002 whereby the amount of $67,528.88 was disbursed to defendant on November 12, 2002. (Compl. ¶ 4.) Plaintiff purchased the note from MOHELA on February 25, 2005, and plaintiff became the assignee and holder of the note for all servicing and collection purposes. (<u>Id.</u> ¶ 4; Am. Mem. Supp. Mot. Default J. ¶ 7; Walton Aff. Ex. B.) This valid contract obliged defendant to perform under the contract by paying plaintiff in return for the loan

6

amount disbursed under the note.

Plaintiff further establishes that after defendant executed the promissory note on September 21, 2002, the amount of $67,528.88 was disbursed to defendant on November 12, 2002. (Compl. ¶ 4.) Subsequently, defendant defaulted on the note. (Id. ¶ 5-6; Am. Mem. Supp. Mot. Default J. ¶ 8.) After plaintiff purchased the note and made demand upon the defendant to cure the default, defendant refused to make payment of the outstanding balance. (Compl. ¶ 7; Am. Mem. Supp. Mot. Default J. ¶¶ 8-10.) Therefore, defendant materially breached its obligation to pay plaintiff for the loan amount disbursed to defendant. Defendant's failure to pay plaintiff for the loan amount provided has damaged plaintiff in the amount of $65,874.87. The undersigned therefore finds that plaintiff's Complaint properly states a claim for breach of contract against defendant.

Additionally, the Court notes that by failing to appear or otherwise respond in this matter, defendant has waived any defenses based on the statute of frauds. See Moore Lumber Corp. v. Walker & Williamson, 67 S.E. 374, 375 (Va. 1910).

## II. Attorney's Fees

Finally, plaintiff seeks $2,716.42 in attorney's fees and costs. (Am. Mem. Supp. Mot. Default J. ¶ 11; Moore Aff. ¶¶ 6-7; Day Aff. ¶¶ 3-4.) This total amount includes court costs of $350.00 sought by plaintiff. (Am. Mem. Supp. Mot. Default J. 3.) In support of this request, plaintiff submitted the Affidavit of Judy Moore which listed legal fees and expenses of $1,675.00 and the court costs of $350.00 incurred by plaintiff in its attempt to collect past amounts owed by defendant. (Am. Mem. Supp. Mot. Default J. ¶ 11; Moore Aff. ¶¶ 6-7.) Plaintiff also submitted the Affidavit of William D. Day which listed additional legal fees and expenses incurred by plaintiff in the amount of $691.42. (Day Aff. ¶¶ 3-4 (Dkt. 16).) The undersigned Magistrate Judge finds attorney's fees in a total amount of $2,716.42 to be reasonable.

## REQUESTED RELIEF

Plaintiff seeks damages in the amount of $65,874.87. The undersigned recommends a finding that, for the reasons articulated above, defendant is liable for damages in the amount of **$65,874.87**, plus interest accruing from February 12, 2013 at a rate of 1.750 percent per annum. In addition, the undersigned recommends a finding that, for the reasons articulated above, defendant is liable for reasonable attorney's fees and costs in the amount of **$2,716.42**.

RECOMMENDATION

For the reasons outlined above, the undersigned recommends a finding that defendant Khanh N. Vu is liable for breach of contract and for reasonable attorney's fees incurred by plaintiff in its attempt to collect past due amounts. The undersigned further recommends that plaintiff Pennsylvania Higher Education Assistance Agency should recover an amount **of $65,874.87** from defendant plus reasonable attorney's fees and costs in the amount of **$2,716.42**.

NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

    Khanh N. Vu
    7824 Signal Hill Road
    Manassas, VA 20111

                                          /s/
                                THERESA CARROLL BUCHANAN
                                UNITED STATES MAGISTRATE JUDGE

April 10, 2013
Alexandria, Virginia